# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS CARL DODDS, JR., | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 20-470-RAW-KEW ) |
| SCOTT NUNN, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 8). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his convictions and sentences in Muskogee County District Court Case No. CF-2015-897 for Second Degree Rape (Count 1), Lewd Molestation (Count 2), and Soliciting Sexual Conduct or Communication with a Minor by Use of Technology (Count 3), each After Former Conviction of Two or More Felonies, and Contributing to the Delinquency of a Minor (Count 4). He also challenges his conviction and sentence in Muskogee County District Court Case No. CF-2016-620 for "Pornography--Procure/Produce/Distribute/Possess Juvenile Pornography, After Former Conviction of Two or More Felonies. *Dodds v. State*, Nos. C-2017-1048 and C-2017-1049, slip op. at 1-2 (Okla. Crim. App. Sept 13, 2018) (Dkt. 9-3). He raises the following grounds for habeas corpus relief:

    I.        The State's forcing Petitioner to disclose sealed information and failure

                   to unseal records relating to expunged convictions and the information in the PSI Report violated Petitioner's Fourteenth Amendment rights to due process.

II.     The sentencing court's consideration of misinformation in the presentence report and its reliance on unconstitutional convictions during sentencing violated Petitioner's rights under the Sixth and Fourteenth Amendments.

III.    Sentencing counsel was ineffective in failing to:

    (A)    object to the inclusion of unconstitutional convictions in the presentence report and object to the sentencing judge's consideration of unconstitutional convictions during sentencing,
    (B)    object to false information relating to Victim A.B.'s statement in the PSI Report, and
    (C)    inform the sentencing judge that Petitioner served ten (10) years in prison on the invalid convictions.

IV.    Appellate counsel failed to raise:

    (A)    sentencing counsel's failure to object to false information in the PSI Report,
    (B)    the issue of the sentencing court's impermissible reliance on unconstitutional convictions during sentencing, and
    (C)    issues in Grounds I-III on appeal.

Respondent alleges Petitioner has failed to exhaust the state-court remedies for all of his habeas claims. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a

direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that Petitioner entered blind pleas of nolo contendere to the various charges in his two criminal cases. In Case No. CF-2015-897, he was sentenced to 20 years for each of Counts 1, 2, and 3, and he received a 1-year sentence for Count 4. In Case No. CF-2016-620, he was sentenced to 20 years with the first 10 years suspended. The sentences in Case No. CF-2015-897 were ordered to run concurrently with each other and consecutively to the sentence imposed in Case No. CF-2016-620. *Dodds*, Nos. C-2017-1048 and C-2017-1049, slip op. at 2 (Dkt. 9-3).

On September 21, 2017, Petitioner filed a motion to withdraw his pleas in both cases, alleging (1) the presentence investigation (PSI) report contained false, unnecessary, misleading, and prejudicial language; (2) the sentencing judge relied on the presentence investigation report; (3) the sentencing judge may have sentenced Petitioner outside the statutory range; and (4) Petitioner should be allowed to withdraw his pleas and proceed to trial (Dkt. 9-1 at 1-2). Following a hearing, the motion to withdraw was denied, and Petitioner appealed to the Oklahoma Court of Criminal Appeals (OCCA) in Case Nos. C-2017-1048 and C-2017-1049, which were consolidated in Case No. C-2017-1048 (Dkt. 9-2). On appeal, Petitioner raised a claim of ineffective assistance of counsel at his motion to

3

withdraw plea. *Id*. The OCCA affirmed the trial court's decision on September 13, 2018. *Dodds*, Nos. C-2017-1048 and C-2017-1049 (Dkt. 9-3).

On November 22, 2019, Petitioner filed an application for post-conviction relief in the state district court for his criminal cases (Dkt. 9-4), which was denied on February 26, 2020.[1] He appealed to the OCCA, raising four claims:

(1) Petitioner was denied a fair and impartial judge in the post-conviction proceedings;

(2) The state district court failed to make findings of fact and conclusion of law as to:

    (a) a Sixth Amendment claim regarding prior convictions that later were vacated,
    (b) Petitioner's claim that trial counsel was ineffective in failing to object to false information relating to A.B.'s statement in the presentence report, and
    (c) counsel's failure to inform the sentencing judge that Petitioner had served ten years in prison for convictions that later were vacated;

(3) The state district court abused its discretion in denying a Fourteenth Amendment claim based on the above assertion that the sentencing court improperly considered vacated prior convictions, and

(4) Okla. Stat. tit. 22, § 982, which prohibits mentioning presentence investigation reports in an appeal to the OCCA, violated Petitioner's right to effective counsel under state and federal constitutions.

(Dkt. 9-5).

The OCCA denied all post-conviction claims and specifically found the fourth claim

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

4

was not presented to the state district court. *Dodds v. State*, No. PC-2020-265, slip op. at 2-4 (Okla. Crim. App. Nov. 24, 2020) (Dkt. 9-6).

As set forth above, Petitioner raises four grounds for habeas corpus relief. The first ground, alleging the State forced him to disclose sealed information and failed to unseal certain records relating to the his expunged convictions, thereafter including that information in the presentence investigation report, has not been exhausted. While Respondent concedes that Petitioner raised the argument in his application for post-conviction relief, he failed to later raise the issue on appeal to the OCCA.

Respondent asserts Grounds III and IV of the petition also were raised in Petitioner's post-conviction application, but were not appealed to the OCCA for a decision on their merits. Therefore, Petitioner maintains Grounds I, III, and IV are unexhausted, and only Ground II is exhausted, making this action a "mixed" petition for a writ of habeas corpus. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005).

Petitioner has filed a response to Respondent's motion to dismiss, admitting that Ground I in the petition has not been exhausted and asking that Ground I of the petition be dismissed (Dkt. 10 at 1). Ground I, therefore, is DISMISSED WITHOUT PREJUDICE. Petitioner, however, contends that Grounds III and IV of the petition were raised in his appeal to the OCCA and that those two claims are exhausted.

"Exhaustion requires that the claim be fairly presented to the state court, which means that the petitioner has raised the substance of the federal claim in state court." *Fairchild v.*

5

*Workman*, 579 F.3d 1134, 1151 (10th Cir. 2009) (citations and internal quotation marks omitted). In other words, "a federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1982)).

"[T]he crucial inquiry is whether the 'substance' of the petitioner's claim has been presented to the state courts in a manner sufficient to put the courts on notice of the federal constitutional claim." *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) (citing *Connor*, 404 U.S. at 278; *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (1989)). "A petitioner need not invoke 'talismanic language' or cite 'book and verse on the federal constitution.'" *Id*. (quoting *Nichols*, 867 F.2d at 1252 (internal quotations omitted)). He, however, "cannot assert entirely different arguments from those raised before the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

> Nor is citing the relevant legal principles, absent the relevant facts, sufficient to fairly present a claim. *See Connor*, 404 U.S. at 277 (finding no fair presentation where state court had no "opportunity to apply controlling legal principles to the facts bearing upon [the federal] claim"); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("[A] federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."); *Williams v. Trammell*, 782 F.3d 1184, 1210 (noting that the substance of the claim "includes not only the constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief").
> 
> Furthermore, a "petitioner cannot assert entirely different arguments [in his or her request for habeas relief] from those raised before the state court." *Bland*, 459 F.3d at 1011. That is, there is no fair presentation if the claim before the

state court was only "somewhat similar" to the claim pressed in the habeas petition. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *see also Bland*, 459 F.3d at 1012 (finding failure to exhaust "[b]ecause presentation of a 'somewhat similar' claim is insufficient to 'fairly present' a federal claim"). Indeed, "mere similarity of claims is insufficient to exhaust." *Id.* And the assertion of a general claim before the state court is insufficient to exhaust a more specific claim asserted for habeas relief. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) ("[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court."); *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 n.6 (10th Cir. 2000) (holding petitioner's "generalized" state-court ineffective-assistance claim was insufficient to exhaust his later, more specific federal habeas claim).

Indeed, in order to be fairly presented, the state-court claim must be the "substantial equivalent" of its federal habeas counterpart. *Connor*, 404 U.S. at 278. There is no such substantial equivalency where the claim raised in habeas proceedings is "in a significantly different and stronger posture than it was when the state courts considered it." *Jones v. Hess*, 681 F.2d 688, 694 (10th Cir. 1982). To satisfy exhaustion, then, the habeas petition's focus--as well as the alleged error that it identifies--cannot depart significantly from what the petitioner had presented to the state court. *See, e.g., Bland*, 459 F.3d at 1012 (noting that the habeas "challenge to the actions of the prosecution differs significantly from" the state-court "challenge to the instructions given by the court," even where both concerned the propriety of a given jury instruction). Nor is it acceptable for the habeas petitioner to "shift" the "basis for [his or her] argument" away from what was previously raised in state court. *Gardner v. Galetka*, 568 F.3d 862, 872 (10th Cir. 2009) (claims were not "substantially the same" where petitioner's state-court ineffective-assistance claim was predicated on counsel's inaccurate description of petitioner's injury, but where his habeas claim was grounded on counsel's failure to undertake a thorough investigation of the murder weapon); *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999) (holding a claim for ineffective assistance of counsel not exhausted where petitioner "based [his state-court claim] on different reasons" and on different "bases [than those] upon which his current ineffective assistance of counsel claims rely").

*Grant v. Royal*, 886 F.3d 874, 891 (10th Cir. 2018), *cert. denied*, __ U.S. __, 139 S. Ct. 925 (2019).

Petitioner argues that his brief in support of his petition in error filed in the OCCA

adequately presented Grounds III and IV raised in his habeas petition (Dkt. 10 at 2). An examination of the arguments in his post-conviction appeal, however, shows his habeas claims of ineffective assistance of trial and appellate counsel were not fairly presented to the OCCA. Further his OCCA brief in support of these claims is significantly different from those claims presented in the habeas petition.

In Petitioner's brief in support before the OCCA, he asserted that the state district court failed to make findings of fact and conclusions of law in response to certain claims raised in his post-conviction application (Dkt. 13-1 at 3). These were not substantive claims with respect to any arguments raised in the state district court, but were instead procedural state-law claims, as evidenced by Petitioner's requested relief of "reversal of the district court's [post-conviction] order and remand for consideration of unanswered claims." *Id*. While Petitioner does reference some of his various ineffective assistance claims, he only asserts the district court should acknowledge and address them on remand. *Id*. at 4.

A claim asserting that a state court failed to make findings of facts and conclusions of law as dictated by state law or local court rules presents a purely procedural state law issue. Federal habeas review, however, 'does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation." *See Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002) (finding petitioner's claim that the state trial court failed "to provide adequate conclusions of law in its order denying . . . post-conviction relief" did "not amount to a federal constitutional claim that is cognizable

8

in . . . a federal habeas action").

After careful review, the Court finds that Petitioner presented a purely state-law procedural issue to the OCCA of the state district court's failure to comply with state law or rules that allegedly required findings of fact and conclusions of law. He cannot now shift his claim to the underlying issues, namely habeas claims of ineffective assistance of counsel to assert the federal constitutional validity of those claims. *See Fairchild*, 579 F.3d at 1151; *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984) (recognizing and discussing the federal constitutional right to the effective assistance of counsel). Because the substance of Petitioner's habeas claims in Grounds III and IV of the petition never was presented to the OCCA, the Court finds Grounds III and IV are unexhausted. *See Fairchild*, 579 F.3d at 1151.

A district court has four options when faced with a "mixed" petition containing both exhausted and unexhausted claims:

> (1) dismiss the mixed petition in its entirety, *Rhines v. Weber*, 544 U.S. 269, 273 (2005); (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275-76; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to

9

> exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines v. Weber*, 544 U.S. 267, 277 (2005).

Because Petitioner offers no explanation for his failure to exhaust the claims in Grounds III and IV, the Court finds a stay and abeyance is not warranted. If Petitioner chooses not to withdraw his unexhausted claims, the Court will dismiss his mixed petition without prejudice, and he may then choose to pursue state court remedies for his unexhausted claims. The Court notes that although the one-year statute of limitations to file a federal habeas petition under 28 U.S.C. § 2254 is tolled while a properly-filed application for state post-conviction or other collateral review is pending in state court with respect to the pertinent judgment or claim, 28 U.S.C. § 2244(d)(2), the statute of limitations is not tolled during the pendency of a federal habeas petition such as the one at issue here, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Petitioner is granted fourteen (14) days to advise the Court of the direction he intends to follow by filing **one** of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss the unexhausted claims in Grounds III and IV, or (3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by the Court in this Order will result in dismissal of this entire action without further notice.

**ACCORDINGLY**,

1. Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is DENIED.

2. Ground I of the petition is DISMISSED as unexhausted.

3. Petitioner is directed to advise the Court of his intentions for proceeding in this case within fourteen (14) days by filing an appropriate pleading as set forth above.

4. Respondent is directed to file a response to the petition or appropriate motion within twenty-one (21) days of Petitioner's response to this Opinion and Order.

**IT IS SO ORDERED** this 14th day of July 2021.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA