IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **THOMAS CARL DODDS, JR.,** | |
| Petitioner, | |
| v. | Case No. 20-CV-470-RAW-DES |
| **CARRIE BRIDGES,**[1] | |
| Respondent. | |

## OPINION AND ORDER

Petitioner Thomas Carl Dodds, Jr. ("Petitioner"), a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgments and sentences entered against him in the District Court of Muskogee County, Case Nos. CF-2015-897 and CF-2016-620. Dkt. No. 1, at 1.[2] Petitioner raised four grounds for relief in his petition but voluntarily dismissed Ground I on January 27, 2021, and voluntarily dismissed Grounds III and IV on July 26, 2021. Dkt. Nos. 10, 17. Respondent Carrie Bridges ("Respondent") has filed a response in opposition to Ground II, as well as the state-court record. Dkt. Nos. 21, 22. Petitioner submitted a reply and a sur-reply. Dkt. Nos. 23, 28. Having considered the parties' arguments and the relevant record, the Court determines the petition should be denied as to the remaining ground for relief.

---

[1] Dodds presently is incarcerated at the James Crabtree Correctional Center, in Helena, Oklahoma. The Court therefore substitutes James Crabtree Correctional Center's current warden, Carrie Bridges, in the place of Scott Nunn, as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

[2] The Court's citations refer to the CM/ECF header pagination.

I. BACKGROUND

On June 7, 2017, Petitioner entered pleas of *nolo contendere* in Case No. CF-2015-897 to Second Degree Rape (Count 1), Lewd Molestation (Count 2), Soliciting Sexual Conduct or Communicating with Minor by Use of Technology (Count 3), and Contributing to the Delinquency of Minors (Count 4). Dkt. No. 21-8, at 3-11. That same day, Petitioner entered pleas of *nolo contendere* in Case No. CF-2016-620 to Pornography—Procure/Produce/Distribute/Possess Juvenile Pornography after three former felony convictions. Dkt. No. 21-9, at 3-10. The state district court sentenced Petitioner to twenty years of imprisonment on Counts 1-3 and one year of imprisonment on Count 4 in Case No. CF-2015-897, and to twenty years of imprisonment, with all but the first ten years suspended, in Case No. CF-2016-620. Dkt. No. 21-8, at 18; Dkt. No. 21-9, at 17. The court directed that the sentences in Case No. CF-2015-897 would run concurrently with each other but consecutively with the sentence in Case No. CF-2016-620. *Id.*

Petitioner initiated this federal habeas action on December 14, 2020. As noted, Grounds I, III, and IV have been voluntarily dismissed, and only Ground II remains for consideration. Dkt. Nos. 10, 17.

II. LEGAL STANDARD

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and internal quotation marks omitted). When a claim has been "adjudicated on the merits in State court proceedings," federal habeas relief may be granted under the AEDPA only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Clearly established federal law "refers to the holdings, as opposed to the dicta, of the [Supreme] Court's decisions as of the time of the relevant state-court decision." *Dodd v. Trammell*, 753 F.3d 971, 982 (10th Cir. 2013) (alteration and internal quotation marks omitted). A state-court decision is "contrary to" clearly established federal law if the conclusion is "opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Id.* (alterations and internal quotation marks omitted). A state-court decision is an "unreasonable application" of clearly established federal law if the "state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (alteration and internal quotation marks omitted). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Renico*, 559 U.S. at 773 (citations and internal quotation marks omitted) (emphasis in original). Further, a state-court's "determination of a factual issue . . . shall be presumed to be correct," unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

III.  DISCUSSION

Petitioner's Ground II consists of the following statement:

> The sentencing court's consideration of misinformation in the presentence report and his reliance on unconstitutional convictions during sentencing violated Mr. Dodds' rights under the Sixth & 14th Amendments. Facts – The sentencing judge considered incorrect information regarding victim's statements and considered vacated convictions during sentencing, and even implied that Mr. Dodds was guilty of the charges in the vacated cases, in violation of the 6th Amendment.

3

Dkt. No. 1, at 7.

As an initial matter, Respondent contends that Petitioner's assertion regarding the sentencing court's consideration of "incorrect information regarding victim's statements" is unexhausted. Dkt. No. 1, at 7; Dkt. No. 21, at 3, 8, 17. "Exhaustion requires that the claim be 'fairly presented' to the state court, which means that the petitioner has raised the substance of the federal claim in state court." *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (internal quotation marks omitted). In his application for postconviction relief, which was submitted in both criminal actions, Petitioner raised the following claim: "The sentencing judge's consideration of misinformation in the presentence report and his reliance on unconstitutional convictions during sentencing violated Mr. Dodds' rights under the Sixth and Fourteenth Amendments." Dkt. No. 21-10, at 13. In support, Petitioner raised arguments regarding both the sentencing court's consideration of previously vacated convictions and its consideration of an allegedly misrepresentative summary statement in the presentence investigation report that "both victims . . . expressed a desire that the defendant serve as much time as possible in prison." *Id.* at 13-18. In appealing the state district court's denial of the claim, Petitioner argued that the district court failed to consider his Sixth Amendment argument and that the court "abused its discretion by denying post-conviction relief regarding [his] 14th Amendment claim in p[ro]position two where [Petitioner] sufficiently demonstrated that the sentencing judge relied 'at least in part' upon unconstitutional convictions during sentencing." Dkt. 21-6, at 3, 5.

Because Petitioner did not present to the Oklahoma Court of Criminal Appeals ("OCCA") his supporting argument that the sentencing court considered misinformation in the presentence investigation report regarding victim statements, the Court considers whether the argument "so changes the legal landscape that the state court's prior analysis no longer addresses the substance

4

of the petitioner's claim." *Fairchild v. Workman*, 579 F.3d 1134, 1149 (10th Cir. 2009). If new evidence submitted in federal court "would likely only have added color" to the claim present in state court, and the difference between the new evidence and that presented in state court was "purely a matter of degree," the new evidence does not equate to a new, unexhausted claim. *Gardner v. Galetka*, 568 F.3d 862, 881 (10th Cir. 2009); *see Hawkins v. Mullin*, 291 F.3d 658, 670 (10th Cir. 2002) (explaining that a habeas petitioner may "present to a federal habeas court 'bits of evidence' not previously presented in state court" but may not "first present evidence in a federal habeas proceeding that 'places the claims in a significantly different legal posture' without first presenting that evidence in state court").

While a close matter, the Court determines that Petitioner's reference to the sentencing court's "consider[ation] [of] incorrect information regarding victim's statements" merely adds color to Petitioner's claim that the sentencing judge considered inappropriate information in the presentence investigation report, thereby violating Petitioner's due process rights. Dkt. No. 1, at 7. The Court notes that the argument does not place Petitioner's claim "in a much stronger legal posture than in the state court proceedings," as Petitioner admitted, and the record reflects, that the presentence investigation report also contained the victims' statements at issue for the sentencing judge's consideration.[3] *Fairchild*, 579 F.3d at 1150 (internal quotation marks omitted); Dkt. No.

---

[3] Even if the argument did amount to a new, unexhausted claim, the claim was procedurally defaulted in state court, thus precluding this Court's review and "obviating the need to dismiss a mixed petition." *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021) ("If a federal court that is faced with a mixed petition determines that the petitioner's unexhausted claims would now be procedurally barred in state court, there is a procedural default for purposes of federal habeas." (internal quotation marks omitted)); *Welch v. Workman*, 639 F.3d 980, 994 n.6 (10th Cir. 2011) ("Both the res judicata bar to claims previously rejected and the waiver rule for claims not previously raised . . . are included in Okla. Stat. Ann. tit. 22, §§ 1086 and 1089, and both are regularly and even-handedly applied by the state courts." (citation and internal quotation marks omitted)); *Cole v. Trammell*, 755 F.3d 1142, *Hardiman v. Reynolds*, 971 F.2d 500, 502-05 (10th Cir. 1992) (holding that courts may raise the state procedural bar defense sua sponte in a Section 2254

21-10, at 17; Dkt. No. 21-10, at 51-52. Accordingly, the Court turns to its review of the OCCA's decision.

In his application for postconviction relief, Petitioner argued that two prior convictions, which had been referenced in the presentence investigation report ten times, had been "vacated on appeal on the grounds that they were unconstitutional." Dkt. No. 21-10, at 13. Petitioner asserted that "[t]he record of the sentencing hearing shows that the court relied substantially on the PSI report and the prior unconstitutional convictions." *Id.* Petitioner points specifically to the judge's statement that "Mr. Dodds entered a guilty plea to [a prior charge of lewd molestation], but it was later vacated. So that kind of cuts both ways as to what to make of it." *Id.* at 15. Petitioner argued that "Due Process prohibits a sentencing court from imposing a sentence based on prior convictions if those prior convictions are unconstitutional" and that the Sixth Amendment prohibits a sentencing court from "expressing [its] belief that [the defendant] was guilty of charges in cases where the convictions were vacated." *Id.* at 13, 15 (citing *United States v. Tucker*, 404 U.S. 443, 447 (1972) for the proposition that "sentence[s] founded at least in part upon misinformation of a constitutional magnitude" violate due process and citing *Johnson v. Mississippi*, 486 U.S. 578, 585 (1988) for the proposition that, after a "conviction has been reversed, unless and until [the defendant] should be retried, he must be presumed innocent of that charge").

The state district court denied the claim, noting:

> The Court finds that [the sentencing judge] did not improperly rely upon Petitioner's vacated sentences. In reviewing the transcript from the sentencing hearing held on September 13, 2017, the court made specific inquir[y] into the status of those charges, correctly stating that they had been vacated. While Petitioner claims that this is proof of improper consideration, this Court disagrees. [The sentencing judge] recites Petitioner's criminal history, and continues to cite

---

action).

> the main reason for his sentence, public safety. The Court finds that Proposition 2 is without merit, and is denied.

Dkt. No. 21-10, at 75. In affirming the state district court's denial of relief, the OCCA found:

> In Proposition Two, Petitioner asserts that the District Court failed to rule on a Sixth Amendment claim. According to Petitioner, the sentencing court violated the Sixth Amendment when it considered prior convictions that were later vacated. Contrary to Petitioner's assertions, the District Court did rule on this claim; it found, based on the sentencing transcript, that the sentencing judge did not improperly rely on the vacated sentences. This conclusion does not involve an abuse of discretion. "We presume, when a trial court operates as the trier of fact, that only competent and admissible evidence is considered in reaching a decision." *Long v. State*, 2003 OK CR 14, ¶ 4, 74 P.3d 105, 107. Appellant has failed to overcome the presumption. Proposition Two is denied.
>
> In Proposition Three, Petitioner asserts the District Court abused its discretion when it denied a Fourteenth Amendment claim. The Fourteenth Amendment claim is based on the same assertions contained in Proposition Two – that the sentencing court improperly considered vacated prior convictions. We reject this proposition for the reasons previously addressed in Proposition Two. Proposition Three is denied.

Dkt. No. 21-7, at 3-4.

Petitioner first argues that the OCCA's decision "failed to address the merits of his federal constitutional claims" and therefore is not entitled to AEDPA deference. Dkt. No. 23, at 7. "[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Johnson v. Williams*, 568 U.S. 289, 298 (2013). "Even when a state court fails either to mention the federal basis for the claim or cite any state or federal law in support of its conclusion, we presume the court reached a decision on the merits." *Simpson v. Carpenter*, 912 F.3d 542, 583 (10th Cir. 2018) (alteration and internal quotation marks omitted). To rebut this presumption, the petitioner must give the court some "reason to think some other explanation for the state court's decision is more likely." *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). To that end, Petitioner asserts that the OCCA "denied

7

Petitioner's Sixth and Fourteenth Amendment claims based purely on a state law 'abuse of discretion' standard of review." Dkt. No. 23, at 9. Yet, "[a] state court need not cite, or even be aware of, applicable Supreme Court decisions, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Simpson*, 912 F.3d at 563 (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002)). Accordingly, the Court finds Petitioner has not rebutted the presumption that the OCCA adjudicated the claims on the merits.

Having reviewed the state court record and pertinent law, the Court determines the OCCA's rejection of Petitioner's Sixth and Fourteenth Amendment claims was not "contrary to" or "an unreasonable application of" clearly established law, nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

    a. *Petitioner's Sixth Amendment Claim*

Petitioner argues that the sentencing judge "violated his Sixth Amendment right to be presumed innocent of the charges in cases that were vacated." Dkt. No. 21-6, at 3. "The presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." *Estelle v. Williams*, 425 U.S. 501, 503 (1976). By its terms, however, the protections of the Sixth Amendment extend to "the accused" in "criminal prosecutions." U.S. Const. amend. VI. "This understanding of the Sixth Amendment language— 'accused' as distinct from 'convicted,' and 'trial' as separate from 'sentencing'—endures today." *Betterman v. Montana*, 578 U.S. 437, 443-44 & n.4 (2016) ("We do not mean to convey that provisions of the Sixth Amendment protecting interests *other than the presumption of innocence* are inapplicable to sentencing." (emphasis added)). While the presumption of innocence can be "restored" "once . . . convictions [are] erased," Petitioner points to no clearly established law

holding that the Sixth Amendment provides the basis for this presumption in the context of sentencing proceedings in a separate criminal action. *Nelson v. Colorado*, 581 U.S. 128, 135-36 & n.9 (2017) (referring to the presumption of innocence as a "principle of justice so rooted in the traditions of conscience of our people as to be ranked as fundamental," the violation of which violates due process).

Petitioner cites *Johnson v. Mississippi*, 486 U.S. 578 (1988) in support of his argument. In *Johnson*, the Supreme Court analyzed whether allowing a petitioner's death sentence to stand violated the Eighth Amendment's prohibition against cruel and unusual punishment, when one of the aggravating factors on which the death sentence was predicated was a prior felony conviction that was set aside after the sentencing. *Johnson*, 486 U.S. at 580-84. In determining that an Eighth Amendment violation had occurred, the Supreme Court noted that, "[s]ince [the prior felony] conviction has been reversed, unless and until [petitioner] should be retried, he must be presumed innocent of that charge." *Id.* at 585. Though the *Johnson* decision references a presumption of innocence, the decision makes no reference to the Sixth Amendment. Further, *Johnson* is distinguishable because the prior conviction had not been vacated at the time of sentencing and the vacated conviction had been procured by jury trial, rather than guilty plea. *Id.* at 582; *see Dodd*, 753 F.3d at 982 (providing that a Supreme Court case must have "materially indistinguishable facts" to support relief under § 2254(d)(1)'s "contrary to" clause).

Further, even if the presumption of innocence implicit in the Sixth Amendment does extend to the context at issue in this matter, Petitioner has not provided argument or evidence demonstrating the OCCA's conclusion was unreasonable. The OCCA concurred with the state district court that, "based on the sentencing transcript, . . . the sentencing judge did not improperly rely on the vacated sentences." Dkt. No. 21-7, at 3. At the sentencing hearing, the judge stated,

"[W]hat I see here is I see a long history of criminal behavior. The 1993 lewd molestation, you know, you can take that one way or the other. Mr. Dodds entered a guilty plea to it, but it was later vacated. So, that kind of cuts both ways as to what to make of it." Dkt. No. 21-11, at 28-29. It could reasonably be inferred from the judge's statement that he chose not to weigh the guilty pleas one way or the other in his sentence determination. Thus, Petitioner has not shown a constitutional violation relating to his right to be presumed innocent, nor has he overcome the deference afforded the OCCA's decision rejecting the claim. *See* 28 U.S.C. § 2254(d).

    b. *Petitioner's Fourteenth Amendment Claim*

As to Petitioner's Fourteenth Amendment claim that the sentencing judge relied on improper information in the presentence investigation report, Petitioner relies largely on *United States v. Tucker*, 404 U.S. 443 (1972), wherein the prisoner challenged his sentence on the basis that two prior felony convictions expressly considered by the sentencing judge were later determined to be constitutionally invalid. *Tucker*, 404 U.S. at 444-49. The Supreme Court observed that "a trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose," and "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Id.* at 446. The Court, however, distinguished "a sentence imposed in the informed discretion of a trial judge" from "a sentence founded at least in part upon misinformation of constitutional magnitude." *Id.* at 447. The Supreme Court determined that, because the sentence "might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained," the case should be remanded for reconsideration of the petitioner's sentence. *Id.* at 448-49.

In accordance with *Tucker*, the Tenth Circuit has recognized that "[w]ith few limitations, a court has almost unlimited discretion in determining what information it will hear and rely upon in imposing [a] sentence." *United States v. Graves*, 785 F.2d 870, 872 (10th Cir. 1986). "Due process," however, "requires that a defendant not be sentenced on the basis of 'misinformation of a constitutional magnitude.'" *United States v. Beaulieu*, 893 F.2d 1177, 1181 (10th Cir. 1990) (quoting *Tucker*, 404 U.S. at 447)); *see United States v. Jones*, 640 F.2d 284, 286 (10th Cir. 1981) (recognizing a "due process right to be sentenced only on information which is accurate").

The record reflects that, unlike in *Tucker*, the sentencing judge here was aware at the time of sentencing that two of Dodds's prior convictions had been vacated. Dkt. No. 21-10, at 52-53. He also was aware of the victims' exact statements regarding their wishes for Petitioner's sentencing, as they were contained in the presentence investigation report. *Id.* at 51-52. Thus, this is not a case in which the sentencing judge was presented with "misinformation of a constitutional magnitude." *Tucker*, 404 U.S. at 447. As noted, it could reasonably be inferred from the record that the sentencing judge did not base his sentence determination on the vacated convictions, and Petitioner points to no evidence demonstrating the judge credited the allegedly misrepresentative summary of the victims' statements over their actual statements. Petitioner's Fourteenth Amendment claim, therefore, lacks merit, and the OCCA's rejection of the claim was not "contrary to" or "an unreasonable application of" clearly established law, nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

IV. CONCLUSION

Based on the foregoing, Dodds's petition for a writ of habeas corpus [Dkt. No. 1], which consists solely of Ground II following Petitioner's voluntary dismissal of Grounds I, III, and IV,

is **denied**. Under Rule 11(a) of the *Rules Governing Section 2254 Cases in the United States District Courts*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court concludes that the requisite standards have not been met in this case and therefore declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall note on the record the substitution of Carrie Bridges in place of Scott Nunn as party respondent;

2. the petition for writ of habeas corpus [Dkt. No. 1] is **denied**; and

3. a certificate of appealability is **denied**.

**DATED** this 31st day of March, 2025.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE